# WALTER O'CONNELL AND ANOTHER v. ROBERT JACKSON, d.b.a. BUD JACKSON DAIRY CATTLE COMPANY, AND ANOTHER. WILLIAM DECKER, APPELLANT.

140 N. W. (2d) 65.

January 21, 1966—No. 39,700.

*William J. Nierengarten,* for appellant.
*John J. McBrien,* for respondent Jackson.

THOMAS GALLAGHER, JUSTICE.

These proceedings involve the right of defendant William Decker to recover from his codefendant, Robert Jackson, attorney's fees incurred in defending an action brought by plaintiffs, Walter O'Connell and Russell Stier. Under a cross-claim by Decker against Jackson, the court held that Decker was entitled to indemnity against Jackson for the judgment obtained against Decker in the action, but made no allowance for attorney's fees which he had incurred in defending it. This appeal is from that portion of the judgment which denied Decker's motion that such attorney's fees be added to his judgment against Jackson.

The facts leading to the litigation are as follows: On or about August 1, 1963, Robert Jackson, doing business as Bud Jackson Dairy Cattle Company, sold and delivered to William Decker 22 head of Holstein heiferettes. At the time of this sale, Jackson warranted to Decker, on certain health sheets then handed to the latter, that such heiferettes had been pregnant for specified periods of time. On or about August 8, 1963, Decker sold these heiferettes to plaintiffs and delivered with them the same health sheets which he had received from Jackson. The health sheets purportedly had been signed by one David F. Long, a duly licensed veterinarian, but the evidence disclosed that this signature had been forged by Jackson.

In a second transaction on or about August 10, 1963, Jackson sold to Decker 35 additional heiferettes with similar warranties as to their pregnancy on similar health sheets then delivered to Decker, which likewise purportedly had been signed by David F. Long and on which Long's signature had also been forged by Jackson. On or about August 15, 1963, Decker sold these heiferettes to plaintiffs, also warranting that they were

pregnant. It is undisputed that in all transactions both Decker and plaintiffs relied upon the warranties in the health sheets as they were made originally by Jackson.

Later it was discovered by plaintiffs that the cattle were not pregnant as warranted in the health sheets, and they commenced the present action against Decker and Jackson for damages based upon breach of warranty. In their complaint they alleged that both Decker and Jackson had warranted and represented that the heiferettes were pregnant as described on the forged health sheets and that they had relied on such warranties in purchasing them. (An allegation to the effect that defendants had also warranted that the heiferettes had been tested for Bang's disease apparently was not an issue at the trial.)

After service of the summons and complaint, Decker tendered defense of the action to Jackson by written notice as follows:

"The attached action is brought to recover damages for breach of warranty and misrepresentation arising out of the purchase of certain livestock by Plaintiffs from the Defendants in August, 1963, suit being in the amount of $5,000.00.

"* * * [You] BUD JACKSON, d/b/a BUD JACKSON DAIRY CATTLE COMPANY, are hereby tendered the defense of the action specified in the foregoing paragraph of this tender * * * and demand is made that you * * * assume the defense of the claim being brought against Defendant WILLIAM DECKER in this litigation on the ground that the sole source of the misrepresentation and breach of warranty was the action or failure to act by Defendants JACKSON * * * relative to the sale of the livestock in question, and that Defendant DECKER took no part in such misrepresentations or breach of warranty except to pass on information to Plaintiffs given him by Defendants JACKSON * * *.

"* * * Should you fail to do so, Defendant DECKER, as he appears as a party in these proceedings, will look to you * * * for indemnity for any judgment that may be rendered against him, together with his costs, damages, and reasonable attorneys' fees herein."

This tender was refused by Jackson, and Decker thereupon proceeded to retain counsel to answer the complaint; to interpose a cross-claim

therein against Jackson for indemnity; and to defend the action. In his cross-claim Decker alleged:

"That the warranties or representations made to the Plaintiffs were in fact the warranties and representations of the Defendants LONG and JACKSON only and that this answering Defendant DECKER believed and relied upon them in passing them on to Plaintiffs from Defendants LONG and JACKSON. That this answering Defendant DECKER at no time had control of the animals in question for the purpose of their being tested for pregnancy * * * and relied solely and completely upon such tests being given by Defendants LONG and JACKSON, their representations and warranties with regard thereto * * * and his reliance upon them.

* * * * *

"That if a judgment be entered in favor of Plaintiffs, or either of them, against the Defendant DECKER herein, that Defendant DECKER have judgment for indemnity over and against Defendants JACKSON and LONG * * * for the full amount of any sum that may be so adjudged in favor of Plaintiffs, together with the costs and disbursements incurred by Defendant DECKER in defending against Plaintiffs' claims, together with Defendant DECKER's costs, disbursements, and a reasonable attorneys' fee."

Subsequent to trial the court made findings as follows:

"On or about August 1, 1963, the Defendant Robert Jackson sold and delivered to the Defendant William Decker twenty-two head of Holstein heiferettes * * * at said Defendant Decker's barn * * *.

"The Defendant Jackson furnished to the Defendant Decker the health sheets required by law, signed by D. F. Long, a Veterinarian, of Lakeville, Minnesota, where the Defendant Robert Jackson resides. * * * On the health sheets * * * Defendant Robert Jackson wrote these words: 'These twenty cattle are pregnant five to seven months. D. F. Long, D.V.M.,' and on the second sheet of said Exhibit 1 the Defendant Jackson wrote these words: 'These two cattle are pregnant five to six months. D. F. Long, D.V.M.' *The Defendant Jackson had no authority from Dr. D. F. Long to write said words on the health sheets, nor did Dr. Long know*

*that the Defendant Jackson had written said statements on the health sheets.*

"Said statements were so written by said Robert Jackson in order to warrant said cattle to the said William Decker and represent the same to the said William Decker and anyone who would purchase them from the said William Decker that twenty head of said cattle were pregnant five to seven months and two of said cattle were pregnant five to six months.

"On or about August 8, 1963, the Defendant William Decker sold said * * * cattle to the Plaintiff Russell Stier for the sum of $3,300.00 * * *. *Both William Decker * * * and  * * * the Plaintiffs herein, relied upon the warranty and representation referred to as aforesaid as being written on Plaintiffs' Exhibit 1 * * *.*" (Italics supplied.)

Upon the jury's response to special interrogatories submitted to it the court determined that plaintiffs had sustained damages by reason of the aforesaid facts in the sum of $1,060 and ordered judgment for this amount plus costs against both defendants. It found that because of the described false warranties, Decker was entitled to indemnity from Jackson on account of the judgment ordered against him, but as indicated above made no allowance for attorney's fees. Subsequently, Decker moved for an order amending the findings by adding a finding that the reasonable value of his attorney's fees for defending the action was the sum of $500 which should be included in his judgment against Jackson. At the hearing on this motion, no evidence was presented as to the reasonable value of such fees, and the motion was denied. In a memorandum attached to the order denying it, the court stated:

"* * * The rule * * * is as stated in [Fidelity & Cas. Co. v. N. W. Tel. Exch. Co.] 140 Minn. 229, as follows:

" 'If a party is obliged to defend against the act of another, against whom he has a remedy over and defends solely and exclusively the act of such other party, and is compelled to defend no misfeasance of his own, he may notify such party of the pendency of the suit and may call upon him to defend it; if he fails to defend, then, if liable over, he is liable not only for the amount of damages recovered, but for all reasonable and necessary expenses incurred in such defense.'

\* \* \* \* \*

"In this case the Defendant Decker did not purport to be defending against the acts of the Defendant Jackson. * * * Defendant Decker entered into contracts with the Plaintiffs relating to the sale of the cattle in question. The Defendant Decker in the main defended himself in the lawsuit."

The present appeal is from that portion of the judgment which denies Decker attorney's fees.

■ It is well settled that where a party has incurred liability for damages by the tortious act or breach of duty of another and is called upon to defend an action for such damages, he is entitled to indemnity against the one whose wrongful actions have created his liability. Hendrickson v. Minnesota Power & Light Co. 258 Minn. 368, 104 N. W. (2d) 843; Daly v. Bergstedt, 267 Minn. 244, 126 N. W. (2d) 242. Likewise, it is well established that in such cases the party called upon to defend the action is entitled to be indemnified not only for any judgment obtained therein, but also for the reasonable value of attorney's fees incurred in defending the action, provided he has acted in good faith and with due diligence, and has notified the other of the action and has given him the opportunity to defend it. Hartford Acc. & Ind. Co. v. Dahl, 202 Minn. 410, 278 N. W. 591; Northern Welding Co. v. Jordan, 150 Minn. 12, 184 N. W. 39.

In Restatement, Torts, § 914, the rule is expressed as follows:

"A person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover compensation for the reasonably necessary loss of time, *attorney fees* and other expenditures thereby suffered or incurred." (Italics supplied.)

■ Where such attorney's fees have been disallowed, the reason is usually that the person seeking attorney's fees has been required to defend not only claims arising out of the other's breach of warranty or tortious acts, but also allegations or accusations which encompass separate and independent charges of wrongful acts on his part. See, Fidelity & Cas. Co. v. N. W. Tel. Exch. Co. 140 Minn. 229, 167 N. W. 800; Inhabitants of Westfield v. Mayo, 122 Mass. 100, 23 Am. R. 292. But in the instant

case it seems clear that in defending the action Decker was defending only charges based upon Jackson's original breach of warranty in the described health sheets, which Decker in turn had passed on to plaintiffs. The complaint sought damages primarily upon this claim and the evidence submitted established that plaintiffs' entire loss had come about through the false warranties and the misrepresentations originally made by Jackson to Decker and in turn by Decker to plaintiffs. Under the principles above expressed, it seems clear that Decker is entitled to full indemnity against Jackson including Decker's liability for the reasonable value of attorney's fees in defending the action.

■ On the record here this court cannot determine the reasonable value of such fees. This is primarily a question for the finder of facts and should be based upon evidence having reference to the issue as submitted in the trial court.

Remanded with directions that evidence be received with respect to the reasonable value of Decker's attorney's fees and that the amount found due therefor be included in Decker's judgment of indemnity against Jackson.