Herman KOENIG and Sharon Koenig, husband and wife, Respondents,

v.

Marvin WACHHOLZ and Gloria Wachholz, husband and wife, Appellants,

1st Carver Realty and Development Corporation of Waconia, Minnesota, et al., Respondents.

No. 51266.

Supreme Court of Minnesota.

Sept. 11, 1981.

Rehearing Denied Oct. 23, 1981.

Genty & Eggert, Winsted, for appellants.

Allan W. Lamkin, Waconia, for Koenig.

Robert A. Nicklaus, Chaska, for 1st Carver Realty and Development Corp.

OTIS, Justice.

Respondents Herman and Sharon Koenig (buyers) instituted this action against appellants Marvin and Gloria Wachholz (sellers) and defendant realtor 1st Carver Realty and Development Corporation of Waconia seeking damages for fraudulent misrepresentation in connection with the sale of certain farmland. Following a court trial, judgment was awarded in favor of the buyers and against the sellers. Sellers have

appealed from the judgment. We affirm but on different grounds from those relied upon by the trial court.

The trial court found that the land conveyed by the contract for deed was 13.59 acres less than that represented by defendants; that the representations were fraudulent; that the realtor was acting as agent for the sellers; and that the fair market value of the land at the time of sale was $900 per acre. Based upon these findings, the court dismissed the buyers' claims against the realtor and ordered judgment against the sellers in the sum of $12,231.00.

 Upon review of the record in this case, we conclude that the evidence is clearly insufficient to support a finding of fraudulent misrepresentation on the part of the sellers. On the contrary, it appears that all parties in good faith believed that the land conveyed under the contract for deed encompassed approximately 115.15 acres,[1] as opposed to the actual quantity of 101.56 acres. Although neither pled nor litigated, the conclusion is inescapable here that there was a mutual mistake of fact as to the acreage of the transferred property. Under such circumstances, no useful purpose would be served by remanding this matter for a new trial.

The evidence justifies a finding that the land was sold on a per acre basis and the trial court's valuation of the omitted acreage is not clearly erroneous. Accordingly, the judgment is affirmed on the ground of mutual mistake as to the quantity of land conveyed, for which buyers are entitled to proportionate restitution of the overpayment. Restatement of Restitution § 21, Comment a, Illustration 2 (1937).

Affirmed.

---

1. The earnest money contract signed by the parties prior to the closing on the contract for deed recited that the land to be conveyed encompassed approximately 115.15 acres.