*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0247**

Cheri Glassick,
Respondent,

vs.

Wells Federal Bank,
Respondent,
Stewart Title Guaranty Company,
Respondent,
Northwest Title Agency, Inc.,
Respondent,
Tim Breuer,
Respondent,
Manufacturers Bank and Trust Company,
Respondent,
and
Stewart Title Guaranty Company, defendant and third party plaintiff,
Respondent,

vs.

Corey Hauer, third party defendant,
Appellant.

**Filed December 19, 2016
Affirmed
Reyes, Judge**

Freeborn County District Court
File No. 24CV122308

D. Charles Macdonald, Michelle E. Weinberg, Faegre Baker Daniels L.L.P., Minneapolis, Minnesota (for respondent Stewart Title Guaranty Company)

Bryan R. Battina Trepanier MacGillis Battina P.A., Minneapolis, Minnesota (for appellant)

Considered and decided by Jesson, Presiding Judge; Stauber, Judge; and Reyes, Judge.

## UNPUBLISHED OPINION

**REYES**, Judge

Appellant Corey Hauer argues that the district court erred in granting summary judgment to respondent Stewart Title Guaranty Company (Stewart Title) by: (1) finding him liable for respondent Cheri Glassick's losses; (2) awarding Stewart Title equitable forms of relief; and (3) awarding Stewart Title attorney fees under an equitable theory of relief. Because we conclude that the district court's grant of summary judgment was proper in all respects, we affirm.

## FACTS

Corey Hauer owned a number of rental properties in Freeborn and Mower Counties from 2006 until sometime in 2011. The property at issue here is located in Albert Lea, Minnesota (the 514 property). In 2007, Hauer executed a promissory note in favor of Wells Federal Bank (Wells Federal) in the amount of $460,000.00, secured by a mortgage granted by Wells Federal on the 514 property, in addition to other properties.

In March 2011, Hauer executed a loan-modification agreement with Wells Federal on the 514 property. Hauer was never current on payments under the loan agreement. Later that year, Hauer's then fiancé, now wife, Cheri Glassick purchased the 514 property, along with five other properties from Hauer. By the express terms of the purchase agreement, Hauer was required to convey title free and clear of all

encumberances to Glassick by warranty deed unencumbered by any liens on the properties.  The purchase agreement between Hauer and Glassick obligated Hauer to furnish an abstract evidencing clear title.

Glassick hired Northwest Title Agency (Northwest) to prepare a title insurance commitment to identify any liens, encumbrances, or security interests on the 514 property.  Northwest issued the commitment but failed to identify the earlier Wells Federal mortgage as a prior lien.  Before closing on the purchase of the 514 property, Glassick did not review the title commitment from Northwest.

Separately, Glassick purchased an owner's title insurance policy from Northwest to be underwritten by Stewart Title.  But Northwest did not forward Glassick's funds to Stewart Title, nor did Stewart Title have actual knowledge of the title-insurance policy prior to the initiation of this lawsuit.  Northwest never issued Glassick a policy of title insurance.

Another property Glassick purchased from Hauer, also located in Albert Lea, Minnesota, (the 102 property), was similarly encumbered by the mortgage.  Hauer requested and obtained a written release from Wells Federal of its interest in the 102 property.  Hauer claims that he also asked to obtain a release for the 514 property and claims Wells Federal verbally agreed to do so.  Wells Federal denies this, and there is no evidence in the record that indicates that Wells Federal agreed to release the 514 property.  The district court in its September 20, 2013 order ruled that Wells Federal possessed a valid security interest in the 514 property.

3

On October 27, 2011, Hauer conveyed the 514 property to Glassick without exception for the Wells Federal lien. In January 2012, Wells Federal informed Hauer that its records demonstrated that the 514 property was still listed as security for Hauer's loan, which he was not current on. Hauer took no action to obtain a release from Wells Federal for the 514 property. Hauer did not tell Glassick about Wells Federal's security interest in the 514 property until approximately 11 months after Wells Federal contacted him about its remaining security interest and after Wells Federal gave Glassick notice of foreclosure proceedings.

In October 2012, Wells Federal initiated foreclosure proceedings. The 514 property was purchased by Wells Federal at the foreclosure sale, subject to a six-month redemption period.

Glassick brought suit against Wells Federal and other parties to quiet title to the 514 property. Glassick also brought a negligence claim against Northwest and Stewart Title for failing to issue the title-insurance policy she had purchased. Glassick never brought a lawsuit against Hauer. Glassick moved for partial summary judgment against Stewart Title, arguing that Northwest negligently failed to issue her an owner's title-insurance policy and that, because Northwest was Stewart Title's agent, Stewart Title was vicariously liable for the acts of Northwest. Wells Federal moved for summary judgment on all claims against it. Stewart Title filed a motion for leave to implead Hauer as a third-party defendant.

On September 20, 2013, the district court granted summary judgment to Wells Federal. The district court also granted partial summary judgment to Glassick against

4

Stewart Title based on Northwest's negligence under an agency theory due to Northwest's failure to properly issue a title policy.

Subsequently, the district court granted Stewart Title's motion to implead Hauer. Stewart Title then initiated a third-party complaint against Hauer alleging that, due to his breach of warranty deed, he is liable for Glassick's losses, and it is entitled to recover from Hauer under the equitable theories of subrogation, indemnification, and contribution. In lieu of answering the third-party complaint, Hauer moved to dismiss Stewart Title's claims. Stewart Title then moved for summary judgment. The district court denied Hauer's motion to dismiss and granted Stewart Title's summary-judgment motion.[1] The court concluded that Hauer is liable to Glassick and that Stewart Title is entitled to recovery from Hauer due to his failure to convey clear title to Glassick.

In February 2015, Stewart Title reached a preliminary settlement agreement with Glassick for the sum of $127,650.00. Subsequently, Stewart Title moved for entry of judgment against Hauer for the same amount, which the district court granted. The district court also granted Stewart Title's request for attorney fees in the amount of $163,900.90. This appeal follows.

---

[1] An amended order was filed on July 10, 2014, (the "July 10 order") correcting a clerical error in how Stewart Title's name appeared throughout the body of the order.

5

# DECISION

## I. The district court did not err in granting summary judgment to Stewart Title.

### A. Standard of Review

On appeal from summary judgment, appellate courts review de novo whether there are any genuine issues of material fact and whether the district court erred in applying the law. *Ruiz v. 1st Fid. Loan Servicing, LLC*, 829 N.W.2d 53, 56 (Minn. 2013). Appellate courts view the evidence in "the light most favorable to the party against whom summary judgment was granted." *STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 76-77 (Minn. 2002). A genuine issue of material fact exists when there is sufficient evidence that could lead a rational trier of fact to find for the nonmoving party. *DLH, Inc. v. Russ*, 566 N.W.2d 60, 69 (Minn. 1997). If the material facts are not in dispute, the district court's application of the law is reviewed de novo. *In re Collier*, 726 N.W.2d 799, 803 (Minn. 2007) (citing *Leamington Co. v. Non-Profits' Ins. Ass'n*, 615 N.W.2d 349, 353 (Minn. 2000)).

### B. Hauer has forfeited his argument that genuine issues of material fact exist.

Hauer argues that summary judgment is inappropriate because "it is reasonable for a jury to conclude that Hauer had an expectation at closing that not only had the title insurance been procured, but also that, as a part of procuring the title insurance, a prudent search for encumbrance[s] had taken place." Hauer's argument is without merit.

First, Hauer did not raise this issue to the district court. To the contrary, Hauer conceded that, for the purposes of summary judgment, there are no genuine issues of

6

material fact.  By failing to raise the issue, Hauer cannot now argue it because "litigants are bound [on appeal] by the theory or theories, however erroneous or improvident, upon which the action was actually tried below."  *Annis v. Annis*, 250 Minn. 256, 262-63, 84 N.W.2d 256, 261 (1957); *see also Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988).  Second, Hauer failed to properly brief the issue in his initial brief, and instead, raised the issue in his reply brief.  We generally do not consider issues not raised or argued in appellant's principal brief when they are raised for the first time in a reply brief.  *Moorhead Econ. Dev. Auth. v. Anda*, 789 N.W.2d 860, 887 (Minn. 2010).  Therefore, Hauer has forfeited this argument for appeal.

**C.** **Hauer's breach of the purchase agreement and warranty deed is the proximate cause of Glassick's damages.**

Hauer argues that he is not liable for Glassick's losses because he is not the proximate cause of Glassick's damages.  We are not persuaded.

"Generally, proximate cause is a question of fact for the jury; however, where reasonable minds can arrive at only one conclusion, proximate cause is a question of law."  *Lubbers v. Anderson*, 539 N.W.2d 398, 402 (Minn. 1995) (citation omitted).  The district court concluded that, "[a]s a matter of law, . . . Hauer is at fault for Glassick's losses."  The court arrived at this conclusion after highlighting certain undisputed facts: (1) Hauer conveyed title to Glassick by warranty deed; (2) Hauer did not convey title free and clear of all encumberances insofar as Wells Federal had a security interest in the 514 property; (3) under the purchase agreement, Hauer was obligated to remove any liens on the 514 property; (4) Hauer was aware that Wells Federal claimed an interest in the 514

7

property almost 11 months before the foreclosure; and (5) Hauer did nothing at the time to ensure that Glassick was provided clear title. The undisputed facts warrant the conclusion that Glassick's losses stemmed directly from the foreclosure of the 514 property, which would never have occurred had Hauer conveyed title free and clear of all encumberances. Therefore, Hauer's breach of the purchase agreement and warranty deed is the proximate cause of Glassick's damages.

Hauer argues that Glassick's losses stem not from Hauer's failure to convey clear title, but from Stewart Title, "by and through Northwest Title['s] . . . failure to issue the owner's title insurance policy." It is true that the district court awarded Glassick damages after finding Stewart Title vicariously liable for Northwest's negligence. Stewart Title's negligence, however, is not a superseding or intervening cause precluding the district court from finding that Hauer's failure to convey clear title was the more immediate cause of Glassick's damages, regardless of whether Glassick pursued a claim against him or not. *Cf. Lennon v. Pieper*, 411 N.W.2d 225, 228 (Minn. App. 1987) ("A superseding, intervening cause of harm acts as a limitation on a defendant's liability . . . . It breaks the chain of causation set in operation by a defendant's negligence. . . .").

**D.      The district court did not err in determining that Stewart Title was entitled to equitable relief.**

Hauer asserts that the district court erred in granting Stewart Title equitable relief under the theories of subrogation, indemnification, and contribution. Hauer relies on the well-settled principle that "one may not seek a remedy in equity when there is an adequate remedy at law." *Southtown Plumbing, Inc. v. Har–Ned Lumber Co.*, 493

8

N.W.2d 137, 140 (Minn. App. 1992).  Stewart Title entered into a preliminary settlement agreement with Glassick for her losses.  But Stewart Title was only vicariously liable for Glassick's losses through the negligence of Northwest.  As such, it could bring a claim against Northwest.  However, we have also concluded that Hauer's breach was the proximate cause of Glassick's losses and Northwest's negligence is not a superseding or intervening cause absolving Hauer from liability.  Due to Stewart Title's unique position here, it has no legal claim it can bring against Hauer, who caused Glassick's losses.  Therefore, because Stewart Title does not have an adequate remedy at law against Hauer, it is entitled to seek equitable relief.

**E.      The district court correctly determined that Stewart Title could recover under a theory of indemnification.**

Hauer next argues that Stewart Title is not entitled to recover its settlement amount with Glassick under a theory of indemnification.  Hauer further argues that Stewart Title is not morally innocent and, as a result, indemnification should not apply.

> "[I]ndemnity is . . . an equitable doctrine which does not lend itself to hard-and-fast rules.  Being an equitable doctrine, its application is particularly appropriate in a case . . . where it is invoked to protect one who is legally liable but morally innocent against one whose wrongful conduct or omission has caused liability to be imposed on him."

*Larson v. City of Minneapolis*, 262 Minn. 142, 148, 114 N.W.2d 68, 73 (1962).

In *Tolbert v. Gerber Indus., Inc.*, 255 N.W.2d 362, 366 (Minn. 1977), the supreme court stated that a party may be entitled to indemnification when "the party seeking indemnity is without personal fault, but is exposed to liability because of the failure of another to perform a duty which he was legally or contractually obligated to perform."

9

*Id.* (footnote omitted).  This rule "provides a just result . . . [as] [i]ts application insures that liability for damages is borne by the negligent party.  It prevents those only vicariously liable from bearing an unfair burden thrust upon them by others."  *Id.* at 367.

The district court granted summary judgment for Stewart Title on the basis of indemnification stating that "[t]he balance of equities weighs in Stewart Title's favor."  Here, the record reflects that Stewart Title had no knowledge of the transaction involving the 514 property until after Glassick filed suit.  Stewart Title, the party seeking indemnity, is without fault.  Stewart Title was exposed to liability because Hauer failed to fulfill a legal and contractual obligation to Glassick.  In other words, Stewart Title was found only vicariously liable for losses caused by Hauer, not its own.  Therefore, Stewart Title is entitled to indemnification to prevent it from bearing an unfair burden due to Hauer causing Glassick's losses.

Because we find that indemnification is an appropriate ground upon which to award Stewart Title, we need not discuss the other equitable grounds upon which the district court based its decision.

## II.     Attorney fees

Hauer argues that Stewart Title is not entitled to attorney fees on the basis of subrogation or indemnification because Stewart Title was negligent in its own right and did not tender defense to Hauer.  Hauer further argues that the amount of attorney fees awarded by the district court was unreasonable.  We are not persuaded.

### A. The district court did not abuse its discretion in awarding attorney fees.

"We will not reverse the district court's decision on attorney fees absent an abuse of discretion." *Carlson v. SALA Architects, Inc.*, 732 N.W.2d 324, 331 (Minn. App. 2007) (citation omitted), *review denied* (Minn. Aug. 21, 2007). Minnesota has adopted the American rule "that attorney fees are not recoverable in litigation unless there is a specific contract permitting or a statute authorizing such recovery." *Dunn v. Nat'l Beverage Corp.*, 745 N.W.2d 549, 554 (Minn. 2008) (quotation omitted). Here, no contract or statute authorizes such recovery.

But, as a matter of equity, a district court may award attorney fees when "the one seeking indemnity has incurred liability because of a breach of duty owed to him by the one sought to be charged." *United Prairie Bank–Mountain Lake v. Haugen Nutrition & Equip., LLC*, 813 N.W.2d 49, 56 n.2 (Minn. 2012) (quotation omitted); *O'Connell v. Jackson*, 273 Minn. 91, 96, 140 N.W.2d 65, 69 (1966) (noting that indemnification includes attorney fees when "a party has incurred liability for damages by the tortious act or breach of duty of another and is called upon to defend an action for such damages") (citations omitted). Under this third-party litigation exception, a district court is permitted to award attorney fees as damages "if the defendant's tortious act thrusts or projects the plaintiff into litigation with a third party." *Kallok v. Medtronic, Inc.*, 573 N.W.2d 356, 363 (Minn. 1998) (citation omitted).

The district court determined that Stewart Title could recover attorney fees under a theory of indemnification, through the third-party litigation exception to the American

11

rule, because Hauer's failure to deliver clear title and failure to pay his debt to Wells Federal was wrongful conduct that forced Stewart Title into the litigation. Here, had it not been for Hauer's breach and his failure to pay off his loan with Wells Federal, Glassick would not have suffered her losses. If not for that specific reason, Glassick would not have brought a lawsuit for her losses and Stewart Title would not have been "thrust" into this litigation. *See id.*

Hauer further argues that Stewart Title should not be able to recover the full amount of attorney fees they expended prior to bringing Hauer into the litigation since Stewart Title was brought into the lawsuit due to its own fault. Hauer relies on *Sorenson v. Safety Flate, Inc.*, 306 Minn. 300, 306, 235 N.W.2d 848, 852 (1975), for the proposition that a party seeking indemnity should not be entitled to recover if its own wrongful conduct caused it to be brought into the litigation. However, that case is inapposite because, there, the wrongful conduct of the person seeking the indemnity was one and the same as the wrongful conduct of the party it was seeking indemnity from. *Id.* at 302-03, 235 N.W.2d at 850. Here, Stewart Title's liability is vicarious and a result of the negligence of Northwest and Hauer's breach. Stewart Title's liability cannot be considered one and the same as Hauer's conduct. Furthermore, Hauer's actions caused Glassick's losses, not Stewart Title's. *See Prior Lake State Bank v. Groth*, 259 Minn. 495, 499, 108 N.W.2d 619, 622 (1961) ("[W]here the natural and proximate consequence of a person's tortious act projects another into litigation with a third person, attorneys'

fees and expenses . . . may be recovered. . . . ).  Therefore, the district court did not abuse its discretion in awarding Stewart Title the full amount of its attorney fees.[2]

### B.     The amount of attorney fees awarded by the district court was reasonable.

Hauer next argues that the amount of attorney fees awarded was unreasonable. "To allow attorney[] fees in any amount requires a determination of reasonable value based upon proof thereof or the court's observation of the services performed." *Larson–Roberts Elec. Co. v. Burdick*, 267 Minn. 486, 489, 127 N.W.2d 163, 165 (1964).  District courts have wide discretion in deciding a reasonable amount of attorney fees.  *See Dixon v. Johnson*, 430 N.W.2d 253, 256 (Minn. App. 1988) ("A trial court's finding as to the reasonableness of an attorney's services is a question of fact and will not be disturbed unless clearly erroneous.").

In contesting the reasonableness of the attorney fees, Hauer does not challenge the district court's use of the lodestar method.  While the lodestar method is usually used in statutory-based recovery of attorney fees, we find no reason not to allow its use here. Under the lodestar method, attorney fees are calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate.  *See Green v. BMW of N. Am.*, 826 N.W.2d 530, 536 (Minn. 2013) (citation omitted).  Nonetheless, in determining reasonableness, the district court should consider all relevant factors.  *See State v.*

---

[2] Hauer's claim that Stewart Title should not be able to recover since it did not properly tender defense is not properly before the court because Hauer failed to raise it to the district court.  Generally, "litigants are bound [on appeal] by the theory or theories, however erroneous or improvident, upon which the action was actually tried below." *Annis*, 250 Minn. at 262-63, 84 N.W.2d at 261.

*Paulson*, 290 Minn. 371, 373, 188 N.W.2d 424, 426 (1971). A district court should consider "the time and labor required; the nature and difficulty of the responsibility assumed; the amount involved and the results obtained; the fees customarily charged for similar legal services; the experience, reputation, and ability of counsel; and the fee arrangement existing between counsel and the client." *Green*, 826 N.W.2d at 536 (quotation omitted).

Here the district court completed a detailed analysis of the affidavits and documents submitted by Stewart Title and considered them in light of all of the factors highlighted above. In doing so, the district court made a determination that Stewart Title's fee request in the amount of $163,900.90 was reasonable. The district court did not abuse its discretion in its determination of the reasonable amount of attorney fees.

**Affirmed.**