LENHART, APPELLANTS, *v.* TOLEDO UROLOGY ASSOCIATES, INC., APPELLEE.

(No. L-75-117—Decided November 21, 1975.)

*Mr. F. Al Wysocki* and *Mr. George Gernot, III,* for appellants.

*Messrs. Finn, Manahan & Pietrykowski,* for appellee.

BROWN, P. J. Plaintiffs, the appellants herein, filed a complaint charging medical malpractice against defendants Westhoven, Link, Lutton and Hotchkiss, physicians and surgeons, and against their professional association, defendant Toledo Urology Associates, Inc., the appellee herein. Plaintiffs appeal from a final judgment of the trial court dismissing appellee from this action for failure of plaintiffs to state a claim upon which relief could be granted. This judgment resulted from a motion to dismiss filed by the defendant corporation. The final judgment recited, pursuant to Civ. R. 54(B), that "there was no just reason for delay."

Ohio laws permit groups of professionals to form professional associations. R. C. 1785.02. This type of business organization has been recognized for sometime in other states. *Group Health Assn. v. Moor* (D. C. Cir. 1938),

24 F. Supp. 445; *Complete Service Bureau* v. *San Diego County Med. Soc.* (1954), 43 Cal. 2d 201, 272 P. 2d 497; *State Electro-Medical Institute* v. *State* (1905), 74 Neb. 40, 103 N. W. 1078.

In Ohio, the professional association organized under R. C. Chapter 1785 should be regarded as a corporation. *O'Neill* v. *United States* (N. D. Ohio 1968), 14 Ohio Misc. 61, 281 F. Supp. 359, affirmed 410 F. 2d 888.

The Committee on Professional Ethics of the American Bar Association noted that the characteristics of a professional association are: "(1) limited liability; (2) centralized management; (3) continuity of life; (4) free transferability of interests." See, *The New Ohio Professional Associations Act and the Proclusion of Corporations from the Practice of Law*, 24 Ohio St. L. J. 685, 689 (1963).

A medical association has the same general liability features as a general corporation. R. C. 1785.08; Smith, *Professional Corporations in Ohio: The Time for Statutory Revision*, 30 Ohio St. L. J. 439, 448-450 (1969); Vesely, *The Ohio Professional Association Law*, 13 Western Reserve L. R. 195, 203 (1962).

Corporations may be held liable for the negligent acts of physicians. 42 Ohio Jurisprudence 2d 649, Physicians and Surgeons, Section 128; *Cooper* v. *Sisters of Charity* (1971), 27 Ohio St. 2d 242, 254; *Avellone* v. *St. John's Hospital* (1956), 165 Ohio St. 467.

The second issue set forth in plaintiffs' brief, concerning a dismissal of the defendant Professional Association, construed as an assignment of error is, therefore, well taken. The judgment of the Court of Common Pleas of Lucas County is reversed and this cause is remanded to that court for further proceedings according to law.

*Judgment reversed.*

STEPHENSON and COLLER, JJ., concur.

STEPHENSON, J., of the Fourth Appellate District, and COLLER, J., retired, of the Court of Common Pleas of Wood County and assigned to active duty under authority of Section 6(C), Article IV, Constitution, designated to sit in the Sixth Appellate District.