REINER, APPELLEE AND CROSS-APPELLANT, *v.* KELLEY, APPELLEE AND CROSS-APPELLANT; KELLER ET AL., APPELLANTS; COLUMBIA TITLE AGENCY, INC. ET AL., APPELLEES.

KELLEY, APPELLEE AND CROSS-APPELLANT, *v.* KELLEY, APPELLEE AND CROSS-APPELLANT; KELLER ET AL., APPELLANTS; COLUMBIA TITLE AGENCY, INC. ET AL., APPELLEES.

(Nos. 82AP-319 and -320—Decided April 7, 1983.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Newman & Gee, Mr. James E. Melle* and *Mr. Edward T. McClellan,* for plaintiffs-appellees.

*Mr. Daniel J. Igoe,* for defendant-appellee.

*Messrs. Knepper, White, Arter & Hadden, Mr. John A. Carnahan* and *Ms. Lise K. Jacobson,* for defendants-appellants.

WHITESIDE, P.J. This case arises from a routine real estate closing on September 12, 1980, at the law offices of Kelley & Keller Co., L.P.A., a legal professional association consisting of two shareholder-attorneys, Joseph P. Kelley and Mark D. Keller. At that closing, Joseph P. Kelley, on behalf of the L.P.A., was acting as the seller's attorney, while plaintiffs, Donald W. Kelley and Lois J. Reiner, were acting as the seller's real estate brokers.

One of the closing statements prepared by plaintiffs mistakenly stated that the transfer fee on the land involved in the closing was $14,980, an overstatement in the amount of $13,482. This overstated transfer fee was included along with various realtor fees, fees for title insurance, recording fees and escrowed funds in a check for the amount of $37,519.50. At this time, none of the parties was aware of the error.

Joseph P. Kelley deposited this check in the L.P.A.'s trust account since he was to be responsible for recording the deed and paying the various fees.

Plaintiffs became aware of the error in the transfer fee and contacted Joseph P. Kelley, who informed them that the erroneous transfer fee had already been paid to the county recorder but that he would try to get it back. That representation was false, as Joseph P. Kelley did not record the deed until a week later, and the correct transfer fee was paid at that time.

Relying upon Joseph P. Kelley's false statement that the erroneous transfer fee had been paid, plaintiffs each gave Joseph P. Kelley a check for $6,741 (for a total of the overstated amount of $13,482), payable to Kelley & Keller Co., L.P.A., so that he could immediately pay the seller what was due her. Joseph P. Kelley deposited plaintiffs' checks in the L.P.A.'s trust account, which had a negative balance both before and after the deposit.

The next day, Joseph P. Kelley delivered a $13,482 cashier's check to the seller. He then wrote checks to each of the plaintiffs for $6,741 on the insolvent L.P.A. trust account and told them not to cash their checks for about two weeks.

Two weeks later, the account did not contain enough funds to cover either check, but Joseph P. Kelley failed to notify either plaintiff of this fact, and the checks were dishonored upon presentment. Neither Joseph P. Kelley nor Kelley & Keller Co., L.P.A., was able to pay or otherwise satisfy the debt.

Plaintiffs filed separate actions in the Franklin County Municipal Court naming Joseph P. Kelley, Mark D. Keller and Kelley & Keller Co., L.P.A., as defendants, which actions were later consolidated.

Plaintiffs each sought the amount of $6,741 plus returned check charges of $10 and incidental and consequential damages, including attorney fees, in the prosecution of their suits, as well as punitive damages in the amount of $2,000.

Mark D. Keller and Kelley & Keller Co., L.P.A., jointly filed cross-claims against Joseph P. Kelley charging that any losses suffered by plaintiffs were caused solely by his defalcations, and seeking judgment against him in the amount of any judgment rendered against them in this action and for any costs, attorney fees and other expenses they incurred in defending these actions and prosecuting their cross-claims.

The trial court held that Joseph P. Kelley intentionally committed a fraud and misrepresentation upon both plaintiffs while acting within the scope of his authority as an attorney and agent for Kelley & Keller Co., L.P.A. The trial court held that Joseph P. Kelley and Kelley & Keller Co., L.P.A., each owed a duty to each plaintiff to account for the sum of $6,741, which amount had been placed in Kelley & Keller Co., L.P.A.'s trust account. In addition, Joseph P. Kelley was ordered to pay $1,000 in punitive damages to both plaintiffs.

The trial court further held that Section 4, Gov. Rule III, requiring a shareholder in an L.P.A. to "guarantee" the financial responsibility of the L.P.A., rendered Mark D. Keller liable to plaintiffs for compensatory damages in the amount of $6,741 each. The court, however, specifically found that Mark D. Keller was not aware of, and did not participate in, any of Joseph P. Kelley's acts of fraud and misrepresentation. Furthermore, the court found that Mark D. Keller was not liable for any damages under a theory of co-trusteeship since he had acted at all times in good faith as a trustee of the Kelley & Keller Co., L.P.A. trust account to prevent the events that occurred.

The court below granted Mark D. Keller and Kelley & Keller Co., L.P.A.'s cross-claims against Joseph P. Kelley in the amount of $6,741 per plaintiff. However, their claims for attorney fees were not granted even though punitive damages were awarded to plaintiffs against Joseph P. Kelley.

The decision of the trial court was journalized in two separately filed identical judgment entries, one in each of the cases originally filed by plaintiffs, and Mark D. Keller and Kelley & Keller Co., L.P.A., have appealed, raising three assignments of error, as follows:

"I. The trial court erred in holding that under Governing Rule III, Section 4 of the Supreme Court Rules for the Government of the Bar of Ohio, defendant Mark D. Keller is liable to plaintiffs for Joseph P. Kelley's intentional fraud and misrepresentation by reason of Mark D. Keller's pariticpation [*sic*] as a shareholder in Kelley & Keller Co., L.P.A.

"II. The trial court erred in holding that defendant Kelley & Keller Co., L.P.A. is liable to plaintiffs for Joseph P. Kelley's intentional fraud and misrepresentation by reason of a duty it owed plaintiffs to account for and return the $13,482.00 of plaintiffs' money that Joseph P. Kelley deposited into the Kelley & Keller Co., L.P.A. trust account.

"III. The trial court erred in failing to grant the cross-claims of defendants, Mark D. Keller and Kelley & Keller Co., L.P.A. against Joseph P. Kelley for attorneys' fees incurred in connection with the defense of these actions and the prosecution of these cross-claims."

Plaintiffs filed notices of cross-appeal from the judgments of the trial court, raising a single assignment of error as follows:

"The trial court erred when it failed to impose liability upon Mark Keller for his failure to account for and return trust monies to appellees."

Joseph P. Kelley also filed a notice of cross-appeal from the judgments of the trial court, raising two assignments of error, as follows:

"1. The trial court erred in granting judgment against Joseph P. Kelley on the basis of fraud.

"2. The trial court erred in granting judgment for punitive damages and attorneys fees."

Joseph P. Kelley asserts upon cross-appeal that the trial court erred in granting judgment against him on the basis of fraud and in awarding plaintiffs punitive damages and attorney fees.

The trial court found that Joseph P. Kelley engaged in a fraudulent act by the misuse of funds entrusted to him as a fiduciary in a real estate closing, and that such act was with actual malice. This holding is supported by the record.

For a finding of fraud, five elements must be found to exist: (1) a false representation; (2) knowledge of the falsity on the part of the person making the representation; (3) intention to mislead others relying upon the representation; (4) reliance, with a right to do so, upon the representation by the party claiming injury; and (5) injury resulting from that reliance. *Schwartz* v. *Capital Savings & Loan Co.* (1978), 56 Ohio App. 2d 83 [10 O.O.3d 117]. Joseph P. Kelley stipulated that he informed Donald W. Kelley that he had already filed the deed with the Recorder's Office and overpaid $13,482 to Franklin County for the transfer fee and that "they took it, and I will go down and try to get it back." He also stipulated that "that representation was false."

Joseph P. Kelley knew (and stipulated) that his false representations that he had paid the money to the county auditor and that he would retrieve the money to reimburse plaintiffs were made with the intent by him to mislead plaintiffs. Stipulation 15 states that: "Both plaintiffs relied upon Joseph Kelley's statement that he had paid the money to the county auditor and was in the process of getting it back when they gave their checks to him." The final element of fraud is injury resulting from reliance upon the false statement, which is obvious in this instance. The fact that plaintiffs made the initial error does not detract from Joseph P. Kelley's fraud in obtaining the two checks from plaintiffs and in later writing reimbursement checks without sufficient funds.

On the basis of the unrebutted facts, there is sufficient evidence to support the trial court's finding of fraud so gross and malicious as to warrant an assessment of punitive, as well as compensatory, damages and attorney fees. Therefore,

neither of Joseph P. Kelley's assignments of error is well-taken.

By their second assignment of error, Mark D. Keller and Kelley & Keller Co., L.P.A. state that the trial court erred in holding that the L.P.A. is liable to plaintiffs for Joseph P. Kelley's intentional fraud and misrepresentation. The crucial issue in determining this assignment of error is whether the fraud and misrepresentation committed by Joseph P. Kelley upon plaintiffs falls within the scope of the practice of law, and, therefore, within the scope of the apparent authority of Joseph P. Kelley. A legal professional association is a form of corporation which is permitted to practice law through the corporate form only by the interaction of two branches of Ohio government: the legislature, which has permitted lawyers, as professional persons, to incorporate pursuant to the Professional Associations Act (R.C. 1785.01 *et seq.*), and the Supreme Court which has authorized the corporations thus formed to practice by Rule III of the Supreme Court Rules for the Government of the Bar of Ohio (Gov. R. III). *State, ex rel. Green,* v. *Brown* (1962), 173 Ohio St. 114 [18 O.O.3d 361].

Whereas partners are vicariously liable for the torts and contracts of their copartners committed within the scope of the partnership business, when attorneys incorporate and form a legal professional association and become officers, agents or employees of the association (R.C. 1785.02, 1785.03; Section 1, Gov. R. III), the association, as with any other corporation, will be liable upon the contracts and for the torts of the attorneys performed within their actual or apparent authority. *Lenhart* v. *Toledo Urology Assoc., Inc.* (1975), 48 Ohio App. 2d 249 [2 O.O.3d 200]; *Connell* v. *Hayden* (1981), 83 A.D. 2d 30, 443 N.Y.Supp. 2d 383; *Zimmerman* v. *Hogg & Allen, P.A.* (1974), 286 N.C. 24, 209 S.E. 2d 795, 76 A.L.R. 3d 1004.

The trial court found that "* * * Defendant Joseph P. Kelley was, at all times, acting within the scope of his authority as an attorney and agent for defendant, Kelley & Keller Co., L.P.A." The record shows that Joseph P. Kelley accepted plaintiffs' checks for the purpose of delivering them to his client, the seller, in a real estate closing in order to make the seller whole for her overpayment of a transfer fee at the closing. He deposited the checks in the Kelley & Keller Co., L.P.A. trust account and, subsequently, drew checks on the trust account to repay plaintiffs, which checks were dishonored. There was sufficient evidence to permit a finding that plaintiffs were justified in their belief that Joseph P. Kelley was acting within the scope of the association's business at all times. Therefore, the L.P.A. was properly held liable for Joseph P. Kelley's fraud and misrepresentation, and Mark D. Keller's and Kelley & Keller Co., L.P.A.'s second assignment of error is not well-taken.

Mark D. Keller's and Kelley & Keller Co., L.P.A.'s first assignment of error relates to the trial court's holding that Mark D. Keller was also liable to plaintiffs for the return of their money by reason of his participation as a shareholder in Kelley & Keller Co., L.P.A., under Section 4, Gov. R. III. This rule governing financial responsibility of shareholders in a legal professional association first became effective October 25, 1970, as Rule XVII(B) of the Supreme Court Rules of Practice (23 Ohio St. 2d xvii), and from its inception has read as follows:

"Section 4. Financial Responsibility.

"The participation by an individual as a shareholder of a legal professional association shall be on the condition that such individual shall, and by such participation does, guarantee the financial responsibility of the association for its breach of any duty, whether or not arising from the attorney-client relationship. * * *" *Id.* at xviii.

Section 4, Gov. R. III is a rule for the practice of law whereby all shareholders of a legal professional association

guarantee that all debts of and judgments against the legal association will be paid. EC 6-6 of the Code of Professional Responsibility, also adopted by the Ohio Supreme Court on October 5, 1970 (23 Ohio St. 2d), states, as follows:

"A lawyer should not seek, by contract or other means, to limit his individual liability to his client for his malpractice. A lawyer who handles the affairs of his client properly has no need to attempt to limit his liability for his professional activities and one who does not handle the affairs of his client properly should not be permitted to do so. *A lawyer who is a stockholder in or is associated with a professional legal corporation may, however, limit his liability for malpractice of his associates in the corporation, but only to the extent permitted by law.*" (Emphasis added.)

Section 4, Gov. R. III is a rule of professional conduct, not one determining the substantive rights of parties arising from direct or indirect relationships. *South High Development, Ltd.* v. *Weiner, Lippe & Cromley Co., L.P.A.* (1983), 4 Ohio St. 3d 1.

Section 3, Article XIII of the Ohio Constitution, provides that: "* * * in no case shall any stockholder [of a corporation] be individually liable otherwise than for the unpaid stock owned by him or her." However, the Supreme Court has held that a legal professional association created pursuant to R.C. Chapter 1785 is not a corporate entity contemplated by this constitutional limitation. *South High Development, Ltd., supra.*

Section 4, Gov. R. III, imposes upon an attorney-shareholder of the legal professional association a duty to "guarantee the financial responsibility of the association for its breach of any duty." What must be "guaranteed" by the attorney-shareholder is the "financial responsibility" of the association. Thus, there is a duty on the attorney-shareholder to assure that the association pays its debts. The Supreme Court in *South High Development, Ltd., supra,* at pages 2-3, held that Section 4, Gov. R. III imposes "personal liability upon the individual members of a professional association," and permitted a direct action by a third party against such individual members.

The rule requires the attorney-shareholder to become a guarantor. If only a conditional guaranty be involved, the creditor must first exhaust means to compel payment by the principal debtor before proceeding against the guarantor. See *Stone* v. *Rockefeller* (1876), 29 Ohio St. 625.

Therefore, Section 4, Gov. R. III apparently supersedes the statute of frauds, R.C. 1335.05, which provides that: "No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith * * *."

*South High Development, Ltd., supra,* mandates that Mark D. Keller's and Kelley & Keller Co., L.P.A.'s first assignment of error be overruled.

By their cross-appeal, however, plaintiffs assert that the trial court erred in holding Mark D. Keller not liable to plaintiffs as co-trustee of the Kelley & Keller Co., L.P.A. trust account.

The general principle is the nonliability of a trustee for the wrongful acts of a co-trustee, unless the trustee has failed to exercise reasonable supervision over the conduct of a co-trustee in relation to the trust. *State* v. *Guilford* (1849), 18 Ohio 500; *Blackmon* v. *Hale* (1970), 1 Cal. 3d 548, 83 Cal. Rptr. 194, 463 P. 2d 418. The trial court found that "* * * Defendant Keller acted in good faith as a co-trustee of the funds in question and exercised due care to prevent the fraudulent occurrence that took place." This finding of fact is supported by evidence. Therefore, plaintiffs' assignment of error is not well-taken.

Based on its findings that Mark D. Keller and Kelley & Keller Co., L.P.A., had neither participated in, authorized, nor ratified the fraudulent acts of Joseph P. Kelley, the trial court entered judgment for them on their cross-claims against Joseph P. Kelley, holding that they were entitled to indemnity for the judgment for compensatory damages plaintiffs had obtained against them. Nevertheless, the trial court made no allowance for attorney fees Mark D. Keller and Kelley & Keller Co., L.P.A., had incurred in defending the action and in prosecuting their cross-claims. Mark D. Keller and Kelley & Keller Co., L.P.A., raise this failure to award them attorney fees as their third assignment of error.

Restatement of the Law, Torts 2d, Section 914, correctly states the rule for the award of attorney fees in an action for indemnity as follows:

"(2) One who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover reasonable compensation for loss of time, *attorney fees* and other expenditures thereby suffered or incurred in the earlier action." (Emphasis added.) *Id.* at 492.

The evidence in this case establishes that the liability of Mark D. Keller and Kelley & Keller Co., L.P.A. was incurred exclusively by the fraud and misrepresentations of Joseph P. Kelley. Under the principle expressed in the Restatement of the Law, Torts 2d, *supra*, it seems clear that Mark D. Keller is entitled to full indemnity against Joseph P. Kelley, including the reasonable value of attorney fees he expended in defending plaintiffs' action and in prosecuting his cross-claim against Joseph P. Kelley. 18 Ohio Jurisprudence 3d 403, Contribution, Indemnity, Etc., Section 50; 30 Ohio Jurisprudence 3d 124, Damages, Section 113; *O'Connell* v. *Jackson* (1966), 273 Minn. 91, 140 N.W. 2d 65. Mark D. Keller's and Kelley & Keller Co., L.P.A.'s third assignment of error is well-taken, and the trial court should determine the reasonable amount of such fees upon remand.

For the foregoing reasons, plaintiffs' assignment of error is overruled, Joseph P. Kelley's assignments of error are overruled, and Mark D. Keller's and Kelley & Keller Co., L.P.A.'s third assignment of error is sustained, but their first and second assignments of error are overruled; and the judgment of the Franklin County Municipal Court is reversed in part and the cause is remanded to that court for further proceedings in accordance with law consistent with this opinion. The costs will be assessed against appellants and cross-appellants.

*Judgment affirmed in part,
reversed in part and
cause remanded with instructions.*

McCORMAC and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.