[Cite as *Citibank v. White*, 2014-Ohio-304.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99868**

---

# CITIBANK, N.A., SUCCESSOR TO CITIBANK (SOUTH DAKOTA), N.A.

PLAINTIFF-APPELLEE

vs.

# DEVONNA WHITE, a.k.a. DEVONNA E. WHITE, a.k.a. DEVONNA E. MAUDLIN

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-768180

**BEFORE:** S. Gallagher, J., Boyle, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** January 30, 2014

**FOR APPELLANT**

Devonna White, pro se
3170 Ludlow Road
Shaker Heights, OH   44120


**ATTORNEYS FOR APPELLEE**

Hilary Michael
Mark Brncik
Melissa Hager
James Oh
Javitch, Block & Rathbone
1100 Superior Avenue, 19th Floor
Cleveland, OH   44114

SEAN C. GALLAGHER, J.:

{¶1} Appellant Devonna White appeals the judgment of the Cuyahoga County Court of Common Pleas, which confirmed an arbitration award. For the reasons stated herein, we affirm.

{¶2} On November 2, 2011, appellee Citibank, N.A., Successor to Citibank (South Dakota), N.A. ("Citibank"), filed a complaint against White for money owing on an account. The initial complaint sought to recover $20,329.06 upon a credit card account number ending in 1463.

{¶3} On December 15, 2011, White filed an answer. Additionally, White filed a motion to dismiss, or in the alternative to stay proceedings pending arbitration. White attached a document she claimed was the card member agreement that was binding on the parties. The card member agreement provided by White was dated September 2011 and allowed for arbitration before either the American Arbitration Association ("AAA") or JAMS. Relying on this document, White filed initiation paperwork for arbitration with JAMS.

{¶4} In response to the motion to dismiss, Citibank asserted that the card member agreement attached to White's motion was not applicable to her account. Citibank indicated that it had no objection to court-ordered arbitration and was willing to initiate the arbitration before one of the forums permitted by the specific card member agreement applicable to White's account or AAA arbitration.

**{¶5}** The trial court denied White's motion to dismiss. White filed a motion for reconsideration that again requested a stay of the action pending arbitration before JAMS. The trial court denied that motion.

**{¶6}** The trial court granted Citibank leave to file an amended complaint to add a claim regarding a second account. In the amended complaint, Citibank added a claim to recover $6,240.35 upon a credit card account number ending in 7690, with a closing date of November 21, 2011. White filed an answer to the amended complaint.

**{¶7}** Citibank filed a motion for clarification of the court's decision on defendant's motion to compel arbitration. Citibank attached a copy of the 2008 card member agreement it claimed was specific to White's account. White filed a motion to stay proceedings and compel private contractual arbitration in the JAMS forum. She attached a 2011 card member agreement and her own affidavit averring that it was the governing contract. The trial court granted Citibank's motion and stayed the matter "pending arbitration in one of the forums allowable under the card member agreement specific to the defendant's account at issue in this case and/or plaintiff to initiate arbitration through the American Arbitration Association."

**{¶8}** Thereafter, Citibank initiated arbitration in AAA. An arbitration hearing was held on September 19, 2012. In the award of the arbitrator, the arbitrator determined that AAA was a proper forum and that "[b]oth applicable card agreements * * * provide for arbitration before either the American Arbitration Association or National Arbitration Forum." Those agreements were 2008 and 2010 card member agreements. The

arbitrator further determined that the 2011 card member agreement relied upon by White was inapplicable. The arbitrator determined that "there is no dispute, that [White] incurred, and failed to pay, the charges pled by [Citibank] and that [Citibank] is entitled to recover them." The arbitrator issued an award in favor of Citibank in the amount of $26,569.41.

{¶9} White filed a document in an attempt to appeal the arbitration award or for a new arbitration hearing. However, the required filing fee was not paid, and AAA closed the matter on February 1, 2013. On January 15, 2013, White filed in the trial court a motion to vacate arbitration award, or alternatively motion to remand arbitration award. In that motion, White continued to contest the arbitration forum. She also asserted that Citibank was responsible for payment of the filing fee and had not paid the fees to AAA for the appeal process to commence. Citibank opposed White's motion and moved the court to confirm and enforce the arbitration award.

{¶10} The trial court denied White's motion and granted Citibank's motion to confirm and enforce the arbitration award. The court entered judgment in favor of Citibank in the amount of $26,569.41 with statutory interest and costs. White timely appealed.

{¶11} White raises four assignments of error for our review. Under her first assignment of error, White argues that the trial court erred by misinterpreting the card member agreement and that the agreement is ambiguous as to how arbitration should be paid for.

{¶12} Our review of the arbitration provision reflects that the plain and ordinary terms of the agreement required White to pay the filing fees if she wished to appeal the arbitration award. The arbitration provision clearly states that costs for an appeal of an arbitration award "will be allocated the same way they are allocated for arbitration before a single arbitrator." When an arbitration is initiated before a single arbitrator, the agreement provides: "Whoever files the arbitration pays the initial filing fee. If we file, we pay; if you file, you pay * * *." Because the agreement is clear and unambiguous as to its meaning, we overrule White's first assignment of error.

{¶13} Under her second assignment of error, White claims the trial court erred in confirming the AAA arbitration award because it was not a final award. She asserts that the arbitration appeal procedure was not complete because Citibank refused to acknowledge the request for payment.

{¶14} Pursuant to the arbitration provision, "[t]he arbitrator's award is final and binding on the parties unless a party appeals it in writing to the arbitration firm within fifteen days of notice of the award." A review of the record reflects that White failed to properly initiate an appeal with AAA because she did not pay the required filing fee. As a result, AAA closed the matter.

{¶15} Citibank had no obligation to pay the filing fees for White's appeal. Because the arbitrator's award was final and binding on the parties, the trial court did not err in confirming the arbitration award.

{¶16} Under her third assignment of error, White claims the trial court erred in confirming the AAA award after a breach of contract. White argues that the arbitration award was procured by undue means because Citibank took the case to AAA arbitration after White had filed with JAMS arbitration.

{¶17} Judicial review of an arbitration award is narrow, limited, and statutorily restricted. *Miller v. Gunckle*, 96 Ohio St.3d 359, 2002-Ohio-4932, 775 N.E.2d 475, ¶ 10. One of the statutory bases upon which a trial court may vacate an arbitration award is upon a showing that the award was procured by corruption, fraud, or undue means. R.C. 2711.10(A). Appellate review of a trial court's decision confirming an arbitration award is conducted under an abuse of discretion standard. An abuse of discretion connotes that the trial court's actions were unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶18} Although White sought to have the case referred to JAMS arbitration, there was a lack of evidence demonstrating that JAMS was a proper forum. The card member agreement upon which she relied was not authenticated. Nevertheless, it also identified AAA as an allowable forum.

{¶19} The trial court ordered Citibank to initiate arbitration, and specifically found AAA to be a permissible forum. Further, the arbitration award determined AAA to be a proper forum under both applicable card agreements that were submitted by Citibank. Those agreements permitted arbitration before AAA or the National Arbitration Forum.

**{¶20}** The arbitrator found "there is no dispute, that [White] incurred, and failed to pay, the charges pled by [Citibank] and that [Citibank] is entitled to recover [$26,569.41]." Because the record supports the determination that AAA was a proper forum and there is no evidence in the record that the award of the arbitrator was procured by undue means, we find no abuse of discretion in the trial court's decision to confirm the arbitration award.

**{¶21}** Under her fourth assignment of error, White claims the trial court erred by denying her motion to vacate the arbitration award and in confirming the award. She raises the same arguments raised above. The fourth assignment of error is overruled.

**{¶22}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
KENNETH A. ROCCO, J., CONCUR