[Cite as *Berns Custom Homes, Inc. v. Johnson*, 2014-Ohio-3918.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos. 100837 and 101014

---

## BERNS CUSTOM HOMES, INC.

### PLAINTIFF-APPELLEE

vs.

## RICHARD G. JOHNSON

### DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-791858

**BEFORE:**    E.A. Gallagher, J., Boyle, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:**    September 11, 2014

**ATTORNEY FOR APPELLANT**

Robert D. Kehoe
Kehoe & Associates, L.L.C.
900 Baker Building
1940 East Sixth Street
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

Jordan Berns
Paul M. Greenberger
Berns, Ockner & Greenberger, L.L.C.
3733 Park East Drive, Suite 200
Beachwood, Ohio 44122

EILEEN A. GALLAGHER, J.:

{¶1} Appellant Richard G. Johnson appeals the decision of the trial court, which confirmed an arbitration award rendered in favor of Berns Custom Homes Incorporated ("Berns"). Johnson argues the trial court erred in confirming the award because the arbitrator exceeded his authority and powers, his decision directly contradicts the terms of the agreement between the parties and the arbitrator's decision could not be rationally derived from the terms of the agreement. Finding no merit to the instant appeal, we affirm the decision of the trial court.

{¶2} Richard Johnson contracted with Berns to renovate his home in Bentleyville, Ohio. The parties entered into a contract and each party was represented by counsel. The contract itself was detailed and specifically tailored to this home renovation. In particular, the work was supposed to be done in two phases: phase one to remodel the main level of the house was to begin on June 14, 2010 and was scheduled to take 80 days; thereafter, phase two on the lower level was to take 57 days. The parties' contract stated that "[n]o amendment to this [c]ontract shall be effective unless in an instrument signed by all parties." The parties further agreed that with respect to work not described in the plans and specifications — whether new items requested by Johnson or extra work necessitated because of unexpected conditions — there must be joint consent in a written change order, otherwise Berns would not be obligated to do the additional work.

{¶3} Disagreements arose as the work progressed and, by October 6, 2010,

Johnson barred the workers from his home and emailed Justin Berns, president of Berns, advising that Berns was "in material breach of our contract since September 20th for failing to complete" the main level. Then, on October 15, 2010, Johnson notified Berns, pursuant to paragraph five of the contract, that the agreement was terminated.

{¶4} Paragraph 16 of the contract requires "any dispute" under the contract be submitted to binding arbitration before a single arbitrator. Berns initiated arbitration with the American Arbitration Association ("AAA") claiming that Johnson breached the contract and Johnson counterclaimed. A nine-day arbitration hearing was held and the arbitrator awarded Berns $160,162.27 in damages plus $6,388.58 for AAA's administrative fees and expenses.

{¶5} The arbitrator found that "Johnson breached his agreement with [Berns] by failing to pay for certain base contract and extra work." The arbitrator also concluded that Johnson prevented Berns' performance under the contract by "removing [Berns] and its subcontractors" from the job site and "by terminating [Berns]." At the same time, he rejected Berns' claims for liquidated damages and attorney fees so that the combined total award was less than Berns sought.

{¶6} Berns filed a lawsuit in the common pleas court to reduce the arbitrator's award to judgment under R.C. 2711.09, which allows a party who prevailed at an arbitration to apply to the common pleas court for such an order. Johnson opposed and moved the trial court to vacate the arbitrator's award under R.C. 2711.10(D). The trial court entered a journal entry denying Johnson's motion to vacate the arbitration award

and granted Berns' application to reduce the award to judgment. In its entry, the trial court concluded that the arbitrator's award was rationally related to the contract and that because the award "draws its essence from the renovation contract, the defendant's motion to vacate the award must be denied."

{¶7} Johnson initially appealed but then on the same day, filed a motion with this court to stay the appeal and remand and also filed a motion to reconsider and motion to vacate the judgment with the trial court. This court granted Johnson's motion to stay the appeal and to remand.

{¶8} The basis for Johnson's reconsideration was the First District's decision in *H.C. Nutting Co. v. Midland Atlantic Dev. Co., L.L.C.*, 1st Dist. Hamilton No. C-1300132, 2013-Ohio-5511. In its decision, the First District affirmed the vacation of an arbitration award finding that the arbitrator exceeded its authority under the parties' contract by including consequential damages that were expressly excluded by the parties' agreement. Johnson argued that the damages awarded by the arbitrator were not recoverable because there never were written change orders for the work done by Berns and not paid for by Johnson.

{¶9} The trial court distinguished *Nutting* from the instant case concluding that "there is legal precedent for the position that a party, by his conduct, can waive the contract requirement for written, signed change orders, and evidence was offered at arbitration that this is exactly what happened."[1] The trial court denied Johnson's

---

[1] The parties' emails attached as exhibits to their trial court briefs reference both running

motion to reconsider and motion to vacate.

{¶10} Johnson appealed the trial court's order and this court consolidated his two appeals for record, briefing, hearing and disposition. In his appeal, Johnson raises the following assigned errors:

I.     The trial court erred in affirming the arbitration award because the arbitrator exceeded his authority and powers where his decision directly contradicts the express terms of the agreement between the parties, and could not be rationally derived from the terms of the agreement.

II.    The trial court erred in affirming the arbitration award which is defective because the arbitration award does not draw its essence from the agreement and is unlawful, arbitrary, or capricious where the agreement expressly required any changes in work to be approved in writing, and the damages awarded were for work that was not approved in writing.

III.    The trial court erred in affirming the arbitration award which is defective because the arbitration award does not draw its essence from the agreement where it disregarded express terms in the agreement that state time is of the essence and set forth a schedule for work that established Plaintiff's breach for not completing work in the time agreed upon for performance.

{¶11} Although Johnson puts forth three assigned errors for our review each involves an analysis of the same standard of review and legal issues and, as such, we shall address them together.

{¶12} Judicial review of an arbitrator's decision is narrow. *BIGResearch, L.L.C., v. PENN L.L.C.,* 10th Dist. Franklin Nos. 11-AP-855 and 11AP-856, 2012-Ohio-2992.

{¶13} As stated by the Eleventh District Court of Appeals:

---

change order lists as well as admissions that changes were made orally during the home renovation.

Before embarking on an analysis of the merits, we first point out that a court has a very limited role in reviewing a binding arbitration award. The arbitrator is the final judge of both law and facts and we may not substitute our judgment for that of the arbitrator. An arbitrator's decision is presumed valid and thus enjoys great deference. (Internal citation omitted).

Judicial deference in arbitration cases is fundamentally based on the recognition that the parties have contracted to have their dispute settled by an arbitrator they have chosen in lieu of committing the matter to the courts. It therefore stands to reason that the parties have agreed to accept the arbitrator's view of the facts and the meaning of the contract regardless of the outcome. (Internal citation omitted).

*Mike McGarry & Sons, Inc. v. Marous Bros. Constr., Inc.,* 11th Dist. Lake No. 2009-L-056, 2010-Ohio-823.

{¶14} Further, once it is determined that the arbitrator's award draws its essence from the agreement and is not unlawful, arbitrary or capricious, a reviewing court's inquiry for purposes of vacating an arbitrator's award pursuant to R.C. 2711.10(D) is at an end. *Findlay Bd. Edn. v. Findlay Edn. Assn.*, 49 Ohio St.3d 129, 551 N.E.2d 186 (1990). An arbitrator's award draws its essence from an agreement when there is a rational nexus between the agreement and the award. *Mahoning Cty. Bd. Mental Retardation & Dev. Disabilities v. Mahoning Cty. TMR Edn. Assn.,* 22 Ohio St.3d 80, 488 N.E.2d 872 (1986). Conversely, an arbitrator's decision departs from the essence of the parties' agreement where it conflicts with the express terms of the agreement or cannot be rationally derived from those terms. *Ohio Office of Collective Bargaining v. Ohio Civ. Serv. Emp. Assn. Local 11, AFSCME, AFL-CIO,* 59 Ohio St.3d 177, 571 N.E.2d 71 (1991).

{¶15} As stated by the trial court, "[t]he gist of Johnson's argument is that the arbitrator made the wrong conclusion on the evidence because it is not possible that he breached the contract and that Berns did not." In support of this argument, Johnson argues that the court "need not look beyond the four corners of the [c]ontract and the exhibits" to see that it is true. Nonetheless, Johnson spends the entirety of his appellate brief making distinctly factual arguments. In particular, Johnson argues that he never approved running change orders; that Berns never relied on his assent to the running change orders; that the arbitrator incorrectly calculated the time for performance of the two stages of work; that Berns was in breach of the time-is-of-the-essence clause of the agreement; and that the evidence at arbitration that Johnson waived by estoppel the contract requirement that all change orders be in writing was improper and contrary to the terms of the agreement. By making these arguments, Johnson urges this court to perform the exact kind of de novo review of the weight of the arbitration evidence that an appellate court is prohibited from undertaking.

{¶16} The trial court stated that "[t]he essence of the parties' contract is the plaintiff's promise to do work and the defendant's promise to pay for it." In finding in favor of Berns, the arbitrator stated that

> Johnson breached his agreement with BCH by failing to pay for certain base contract and extra work performed by BCH. Johnson did not adhere to the terms of that agreement, first by preventing BCH's performance by removing BCH and its subcontractors from the site and, second, by terminating BCH.

Thus, the trial court concluded, and we agree, that the arbitrator's award is rationally

related to the contract in that the arbitrator found that Berns did work that was requested, accepted and then not paid for by Johnson. The crux of Johnson's argument is that the arbitrator made the wrong conclusion on the evidence and this is simply an argument that this court, pursuant to its limited power of review, is precluded from taking.

{¶17} In his motion to reconsider and subsequent appeal from its denial, Johnson claims the trial court exceeded its authority by looking at evidence, which it was prohibited from doing pursuant to R.C. 2711.10. We disagree.

{¶18} In denying Johnson's motion for reconsideration, the trial court stated as follows:

> The defendant continues to argue that the damages awarded by the arbitrator are not recoverable because there never were written change orders for the work done by Berns and not paid for by Johnson. But there is legal precedent for the position that a party, by his conduct, can waive the contract requirement for written, signed change orders, and evidence was offered at arbitration that this is exactly what happened.
>
> Given the arbitrator's full discretion to decide issues of fact, he could have found that the requirement of a detailed, countersigned change order was waived.

{¶19} In issuing its ruling, the trial court did not weigh the evidence and, given the extensive and well-written opinion outlining its limited standard of review, the court was well informed of its limited role. The trial court simply noted the existence of evidence in the record that the parties made non-written changes to the contract. The court then noted the arbitrator's role as the trier of fact and the arbitrator's conclusion that the parties had waived the requirement of a detailed, countersigned change order. The court then denied Johnson's motion.

{¶20} We find no error with the trial court's confirmation of the arbitration award

or its decision to overrule Johnson's motion for reconsideration. Neither act was unreasonable, arbitrary or unconscionable. *Citibank N.A. v. White*, 8th Dist. Cuyahoga No. 99868, 2014-Ohio-304. As such, we affirm the decision of the trial court and overrule Johnson's three assigned errors.

{¶21} Finally, we take issue with the initiation of this case whereby counsel, on the case designation sheet, indicated that it was a commercial docket case. This matter is not a case appropriate for a commercial docket pursuant to the parameters set forth by the Ohio Supreme Court. It is a simple contract dispute between a homeowner and a home remodeling contractor.

{¶22} The commercial dockets were established to focus on litigation between business entities and an owner, sole proprietor, shareholder, partner or member of a business entity. In order to maintain the integrity of commercial dockets as envisioned, we once again suggest that parties be mindful of the rules in their identification of commercial docket cases, that the trial judges scrutinize cases prior to transferring to the commercial docket, and the commercial docket judges accept only cases that are appropriate on a commercial docket.

{¶23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
LARRY A. JONES SR., J., CONCUR