[Cite as *Berns Custom Homes, Inc. v. Johnson*, 2021-Ohio-3033.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

BERNS CUSTOM HOMES, INC.,  :

    Plaintiff-Appellee,  :

                    No. 110118

    v.  :

RICHARD G. JOHNSON,  :

    Defendant-Appellant.  :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** September 2, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-12-791858

---

### *Appearances:*

Weltman, Weinberg & Reis Co., L.P.A., and Daniel A. Friedlander, *for appellee.*

Kehoe & Associates, L.L.C., Robert D. Kehoe, and Lauren N. Orrico, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Richard G. Johnson ("Johnson"), appeals a judgment granting a charging order against his interest in his law firm and appointing a receiver to administer the charging order. Johnson claims the following errors:

1.  The trial court erred in finding that a charging order can be issued against an interest in a legal professional association.

2.  The trial court erred in finding that a receiver can be appointed to exercise control over a legal professional association.

3. The trial court erred in finding it had jurisdiction to grant the motion for charging order.

**{¶ 2}** We find merit to the appeal, reverse the trial court's judgment, and remand the case to the trial court to vacate the charging order and the appointment of a receiver.

## I.  Facts and Procedural History

**{¶ 3}** In 2010, Johnson contracted with plaintiff-appellee, Berns Custom Homes, Inc. ("Berns"), to renovate his home in Bentleyville, Ohio.  Disagreements arose during the construction, and Johnson barred workers from entering his house. Johnson notified Justin Berns, Berns' president, that he believed Berns had breached the parties' contract and that the contract was terminated.  Thereafter, Berns submitted a claim for breach of contract to arbitration with the American Arbitration Association ("AAA") pursuant to an arbitration provision the parties' contract.  Following a nine-day arbitration hearing, the arbitrator awarded Berns $160,162.27 in damages plus $6,388.58 for AAA's administrative fees and expenses.

**{¶ 4}** In December 2013, Berns filed suit in Cuyahoga County Court of Common Pleas and obtained an order reducing the arbitrator's award to judgment. This court affirmed the judgment on appeal.  *See Berns Custom Homes, Inc. v. Johnson*, 8th Dist. Cuyahoga Nos. 100837 and 101014, 2014-Ohio-3918.   In

September 2014, Berns filed suit seeking a creditor's bill, pursuant to R.C. 2333.01, to seize certain assets owned by Johnson to aid in execution of the judgment. The newly filed action was consolidated with the previously filed case in which the court confirmed the arbitration award. However, Berns later dismissed the action for the creditor's bill with prejudice, leaving the judgment confirming the arbitration award in full force and effect.

{¶ 5} In December 2019, Berns filed a motion for a charging order against Johnson's individual interest in his law firm, Richard G. Johnson Co., L.P.A., and asked the court to appoint a receiver to administer the charging order. A charging order is "remedy available to a judgment creditor to require payment from a partnership of money that is owed to a partner." *Bouvier Law Dictionary* (Desk Ed.2012). Berns alleged in the motion that Johnson's law firm, known as Richard G. Johnson Co., L.P.A., is registered with the Ohio secretary of state as an active "Limited Partnership Association." The motion further alleged that Johnson's interest in the limited partnership association is subject to attachment by virtue of a charging order pursuant to R.C. 1776.50, a provision of the Ohio partnership statute.

{¶ 6} Johnson opposed the motion arguing, among other things, that Berns was not entitled to a charging order under R.C. 1776.50 because Richard G. Johnson Co., L.P.A., is an Ohio legal professional association, which is a species of corporation, and not a limited partnership association as alleged by Berns. In support of this argument, Johnson submitted a certificate from the Ohio secretary of state certifying that the Ohio secretary of state has custody of the Richard G.

Johnson Co., L.P.A.'s articles of incorporation. The articles of incorporation, submitted with the certificate, expressly state that Richard G. Johnson Co., L.P.A. is an Ohio corporation formed for the purpose of engaging in the practice of law. The articles of incorporation further state, in part:

> The shares which the Corporation is authorized to issue are one hundred (100) shares of common stock without par value. The shares are subject to the limitations imposed by the Supreme Court of Ohio rules for the Government of the Bar, the Ohio Code of Professional Responsibility, and Ohio Revised Code Chapters 1701 and 1785; the shares may only be held by the Incorporator, Richard G. Johnson, Esquire, or his Estate, and the shares are thus non-transferable; in the event of a legal or equitable forced transfer, the Corporation shall be dissolved.

Johnson argued that R.C. Chapter 1785, which governs corporate professional associations, does not contain a provision allowing judgment creditors to obtain a charging order against an interest in a legal professional association, nor does it contain any provisions for the appointment of a receiver.

{¶ 7} The court rejected Johnson's arguments and granted Berns's motion for a charging order. In its judgment entry, the court stated, in relevant part:

> Defendant next argues that legal professional associations are exempt from charging orders and receiverships because there is no specific statute authorizing such relief and the Rules of Professional Conduct restrict the extent to which non-attorneys may act within a legal professional association.

> Legal professional associations are authorized by R.C. 1785.02 et seq. A professional association formed pursuant to R.C. 1785.02 et seq., has the same general liability features as a general corporation. R.C. 1785.08. * * *

> A shareholder of a professional association may sell or transfer their shares in the association only to another individual who is duly licensed

or otherwise legally authorized to render within this state the same professional services as that for which the association was organized. R.C. 1785.07. This transfer includes transfer of shares into a trust. *See* 1990 Ohio Op. Att'y Gen. No. 072 (1990).

Accordingly, there is no statutory prohibition on charging orders against shareholder interests in a legal professional association. Nor is there a prohibition on a receiver exercising control over the ownership interests in the legal professional association if the receiver is an attorney licensed to practice law.

For the foregoing reasons, Plaintiff's Motion for Order Charging Judgment Debtor's Individual Interest as Partner in Partnership Property and Motion to Appoint Receiver is GRANTED. [Attorney] and [Attorney's firm] shall be appointed as Receiver in this action. * * *

(Opinion and Judgment Entry dated Nov. 25, 2020.)

{¶ 8} Johnson now appeals the trial court's judgment.

## II. Law and Analysis

### A. Legal Professional Association

{¶ 9} In the first assignment of error, Johnson argues the trial court erred in finding that a charging order may be issued against an interest in a legal professional association. In the second assignment of error, Johnson argues the trial court erred in finding that a receiver could be appointed to exercise control over a legal professional association. He contends the trial court erroneously applied statutes applicable to partnerships, which allow charging orders and the appointment of receivers, to his legal professional association, which is a form of corporation governed by a different set of provisions that do not provide for either charging orders or receivers.

{¶ 10} Johnson's first and second assignments of error present purely legal questions as to (1) whether the trial court could issue a charging order against Johnson's legal professional association even though it is a form of corporation rather than a partnership and (2) whether it could appoint a receiver to manage the charging order. We review questions of law de novo. *Gabbard v. Madison Local School Dist. Bd. of Edn.*, Slip Opinion No. 2021-Ohio-2067, ¶ 6. In applying a de novo standard of review, we independently review the record and applicable law without any deference to the trial court's judgment. *State v. Berry*, 8th Dist. Cuyahoga No. 109873, 2021-Ohio-2588, ¶ 28, citing *State v. Kehoe*, 8th Dist. Cuyahoga No. 106385, 2018-Ohio-3589, ¶ 17.

{¶ 11} The choice of business form is a significant decision that carries with it certain legal consequences. *See* Ribstein, *ARTICLE: Why Corporations?*, 1 Berkeley Bus.L.J. 183 (2004); Franklin, *ARTICLE: A Rational Approach to Business Entity Choice*, 64 U.Kan.L.Rev. 573 (2016). "[O]ften the deciding factor in choosing the corporate rather than the partnership form of business organization, concerns the personal liability of the partners." *Wayne Smith Constr. Co. v. Wolman*, 65 Ohio St.3d 383, 388, 604 N.E.2d 157 (1992).

{¶ 12} Johnson's law firm, Richard G. Johnson Co., L.P.A., is a legal professional association, which is governed by R.C. Chapter 1785.

> A legal professional association is a form of corporation which is permitted to practice law through the corporate form only by the interaction of two branches of Ohio government: the legislature, which has permitted lawyers, as professional persons, to incorporate pursuant to the Professional Associations Act (R.C. 1785.01 et seq.),

and the Supreme Court which has authorized the corporations thus formed to practice by Rule III of the Supreme Court Rules for the Government of the Bar of Ohio (Gov. R. III).

*Reiner v. Kelley*, 8 Ohio App.3d 390, 393, 457 N.E.2d 946 (1983), citing *State ex rel. Green v. Brown*, 173 Ohio St. 114, 180 N.E.2d 157 (1962).

{¶ 13} Berns sought a charging order under R.C. 1776.50, a section of the Ohio Uniform Partnership Act that states, in relevant part:

(A) On application by a judgment creditor of a partner or of a partner's transferee, a court having jurisdiction may charge the economic interest of the judgment debtor to satisfy the judgment. The court may appoint a receiver of the share of the distributions due or to become due to the judgment debtor in respect of the partnership and make all other orders, directions, accounts, and inquiries the judgment debtor might have made or which the circumstances of the case may require.

(B) A charging order constitutes a lien on the judgment debtor's economic interest in the partnership. The court may order a foreclosure of the interest subject to the charging order at any time. The purchaser at the foreclosure sale has the rights of a transferee.

{¶ 14} The trial court concluded that "there is no statutory prohibition on charging orders against shareholder interests in a legal professional association." (Opinion and judgment entry dated Nov. 25, 2020.) It also found that there was no "prohibition on a receiver exercising control over the ownership interests in the legal professional association if the receiver is an attorney licensed to practice law." (Opinion and judgment entry dated Nov. 25, 2020.) In other words, the trial court found that because there was no express prohibition preventing the court from issuing charging orders or appointing receivers to exercise control over legal

professional associations, the court was authorized to grant either or both remedies. We disagree.

**{¶ 15}** "A court's main objective when interpreting a statute is to determine and give effect to the legislative intent." *Zipkin v. FirstMerit Bank, N.A.*, 8th Dist. Cuyahoga No. 109501, 2021-Ohio-2583, ¶ 16, citing *Gracetech Inc. v. Perez*, 2020-Ohio-3595, 154 N.E.3d 1123, ¶ 14 (8th Dist.). In determining the legislature's intent, "we first consider the statutory language, reading all words and phrases in context and in accordance with the rules of grammar and common usage." *Gabbard*, Slip Opinion No. 2021-Ohio-2067, ¶ 13. In giving effect to the words the General Assembly has chosen, "we may neither add to nor delete the statutory language." *Id.* The canon of statutory construction, *expression unius est exclusion alterius*, similarly holds that "the expression of one or more items of a class implies that those not identified are to be excluded from the class." *State v. Droste*, 83 Ohio St.3d 36, 39, 697 N.E.2d 620 (1998), citing *Thomas v. Freeman*, 79 Ohio St.3d 221, 224-225, 680 N.E.2d 997 (1997); *Indep. Ins. Agents of Ohio, Inc. v. Fabe*, 63 Ohio St.3d 310, 314, 587 N.E.2d 814 (1992); *Montgomery Cty. Bd. of Commrs. v. Pub. Util. Comm.*, 28 Ohio St.3d 171, 503 N.E.2d 167 (1986).

**{¶ 16}** The Ohio General Assembly enacted R.C. Chapters 1785 and 1701 to govern and regulate professional associations. It separately enacted R.C. Chapter 1776 to govern and regulate Ohio partnerships. The provisions set forth in R.C. Chapter 1776 were intended to apply to partnerships and do not apply to legal professional associations. Although R.C. 1776.50 expressly authorizes a trial court

to grant charging orders against a partner's interest in a partnership and to appoint a receiver, there is no equivalent provision in R.C. Chapter 1785 or 1701 authorizing a trial court to grant charging orders against legal professional associations. Nor is there any provision in either of those chapters authorizing the appointment of a receiver to take control of legal professional associations. If the legislature intended to allow courts to issue charging orders against an owner's interest in a legal professional association or to appoint receivers in such cases, it could have enacted legislation to that effect as evidence by the enactment of R.C. 1776.50.

{¶ 17} Indeed, the legislature has expressly authorized the use of charging orders and the appointment of receivers in other contexts. For example, R.C. Chapter 1710 authorizes the appointment of a receiver to take control of a corporation, but only when winding up the corporate business and the corporation is being dissolved. R.C. 1705.19 allows charging orders to be issued against a member's interest in a limited liability company, but the statute does not provide for the appointment of a receiver. In fact, R.C. 1705.19 expressly states that "[a]n order charging the membership interest of a member of a limited liability company is the sole and exclusive remedy that a judgment creditor may seek to satisfy a judgment against the membership interest of a member or a member's assignee." R.C. 1705.19(B). The statute further provides that the creditor only has the rights of an assignee and has no "right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the limited liability company." R.C. 1705.19(C). Considering these statutes together, it is clear the legislature

carefully decided the limited circumstances in which a charging order may be issued and receivers may be appointed. There is no statutory authority allowing a trial court to grant charging orders against legal professional associations. And since a court may not add or delete statutory language not enacted by the legislature, the trial court erred in finding that the absence of a provision prohibiting charging orders against legal professional associations or the appointment of receivers to take control of legal professional associations constitutes an express authorization to do both. Such an interpretation adds statutory language not enacted by the legislature and is, therefore, contrary to law.

{¶ 18} The first and second assignments of error are sustained.

## B. Jurisdiction

{¶ 19} In the third assignment of error, Johnson argues the trial court erred in finding that it had jurisdiction to grant Berns' motion for a charging order and for appointment of a receiver. He claims that because Berns voluntarily dismissed the action for a creditor's bill with prejudice, the trial court no longer had jurisdiction to rule on his motion for a charging order because it is barred by the doctrine of res judicata.

{¶ 20} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus.

{¶ 21} However, res judicata is an affirmative defense and does not divest the court of subject-matter jurisdiction. *In re Power Co.*, 144 Ohio St.3d 1, 2015-Ohio-2056, 40 N.E.3d 1060, ¶ 22. Thus, regardless of the trial court's analysis of the motion for a charging order, it had subject-matter jurisdiction to rule on the motion.

{¶ 22} A motion for a charging order is not a cause of action; it is a remedy available to judgment creditors by virtue of a previously entered judgment in the creditor's favor. Johnson's argument fails to recognize the distinction between final judgments and post-judgment proceedings filed to aid in execution of a final judgment. *See generally* Civ.R. 69 (Execution); R.C. Chapter 2333 (Proceedings in Aid of Execution).

{¶ 23} Moreover, Johnson fails to cite any legal authority to support his argument that dismissal of a post-judgment proceeding, such as the creditor's bill in this case, operates as res judicata to bar any subsequent attempt to execute on a valid judgment entered in favor of a judgment creditor. An appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2) if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7). We, therefore, find no basis on which to conclude that Berns' motion for a charging order or for appointment of a receiver was barred by res judicata.

{¶ 24} The third assignment of error is overruled.

{¶ 25} Judgment reversed. The case is remanded to the trial court to vacate the charging order and appointment of a receiver.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EMANUELLA D. GROVES, J., CONCUR